# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ROCHEAL LEWIS,<br><br>          **Plaintiff,**<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>          **Defendant.** | 1:15-cv-1483-WSD |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Rocheal Lewis's ("Plaintiff") Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [21] (the "Motion").

## I.    BACKGROUND

On July 26, 2016, the Court issued its Order [19] vacating and remanding the Commissioner's decision under sentence four of 42 U.S.C. § 405(g). On September 13, 2016, Plaintiff, through her counsel, filed the Motion seeking an attorney's fee award. Plaintiff requests a total award of $7,547.31 for 36.7 hours of attorney work at $189.39 per hour, and 8 hours of paralegal work at $75 per hour. ([21.1] at 3). Plaintiff also requests $19.41 in expenses for serving her Complaint by Certified Mail. ([21.1] at 3).

## II. DISCUSSION

The EAJA provides that "a court shall award to a prevailing party other than the United States" reasonable attorney's fees and costs "incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "To recover attorneys' fees under the EAJA, plaintiff must show that: (1) she is a prevailing party; (2) the government's position was not substantially justified; (3) there are no 'special circumstances' that would make a fee award unjust; and (4) the fee application was submitted within 30 days of final judgment in the action and is supported by an itemized statement." Cohen v. Swacina, No. 07-cv-81049, 2009 WL 799430, at *2 (S.D. Fla. Mar. 24, 2009).

The Court finds, and the Commissioner acknowledges, that these conditions are met and that Plaintiff is entitled to attorney's fees under the EAJA. ([22] at 4). The Commissioner, however, challenges the reasonableness of the fee amount claimed, on the grounds that Plaintiff "seeks compensation for an excessive number of hours." ([22] at 1). The Commissioner also requests that the amount awarded be payable directly to Plaintiff.

A. <u>Reasonableness of the Attorney's Fees Sought</u>

The EAJA provides for recovery of "reasonable attorney's fees." 28 U.S.C. § 2412(d)(2)(A). Plaintiff bears the burden of showing that the hours requested are reasonable. See <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 434 (1983). Reasonable hours are "billable hours—that is, work that would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue." <u>Perkins v. Mobile Hous. Bd.</u>, 847 F.2d 735, 738 (11th Cir. 1988). "[A] court may reduce excessive, redundant or otherwise unnecessary hours in the exercise of billing judgment." <u>Id.</u> at 738. "Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." <u>Am. Civil Liberties Union of Georgia v. Barnes</u>, 168 F.3d 423, 428 (11th Cir. 1999).

1. <u>Clerical Work</u>

The Commissioner argues that Plaintiff improperly seeks attorney's fees for "non-legal clerical tasks." ([22] at 4). "[A] fee applicant is not entitled to compensation at an attorney's rate simply because an attorney undertook tasks which were mundane, clerical or which did not require the full exercise of an attorney's education and judgment." <u>Norman v. Hous. Auth. of City of Montgomery</u>, 836 F.2d 1292, 1306 (11th Cir. 1988). "The distinction between

3

those tasks that are billable and those that are not . . . turns on whether a non-lawyer would lack the training, experience, and judgment to complete the task at issue." Allen v. Colvin, No. 1:15-cv-130-ODE-JSA, at 3 (N.D. Ga. Oct. 18, 2016); see Ward v. Astrue, No. 3:11-cv-523, 2012 WL 1820578, at *3 (M.D. Fla. May 18, 2012) (denying recovery of attorney's fees for "tasks encompass[ing] matters that do not require counsel's use of her legal skills"). "[P]aralegal time is recoverable as part of a prevailing party's award for attorney's fees and expenses, but only to the extent that the paralegal performs work traditionally done by an attorney." Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988).

Plaintiff's counsel exercised good "billing judgment" in declining to bill the Commissioner for thirty-eight (38) clerical tasks performed in this case. Barnes, 168 F.3d at 428. Having reviewed the billing records submitted by Plaintiff's counsel, however, the Court declines to allow recovery for the following additional clerical work described in the ledger: "Assign Attorney writer to access/write reply brief" (0.2 hours), "Review Civil case terminated" (0.1 hours), "Files receive, reviewed and processed from referral source for Attorney review" (0.6 hours), "Telephone cal[l] with Client re: Assistance with In Forma Pauperis Application" (0.4 hours), "Federal court forms packet sent to Client via Right Signature" (0.2 hours), "Download, file and save transcript in Seventeen (17) Parts"

(0.6 hours), "Strip PDF/A, combine, OCR and live bookmark Federal Court transcript" (1.1 hours), and "Federal Court-Remand Referral back to Referral Source" (0.3 hours). This constitutes 0.3 hours of attorney work ($56.79) and 3.2 hours of paralegal work ($240) for which Plaintiff is not entitled to recover fees.[1]

    2.    <u>Paralegal Billing Rate</u>

The Commissioner, in his response brief, argued that Plaintiff "provided no basis for the paralegal rate for which she seeks compensation—$75 an hour." ([22] at 8). Plaintiff, in her reply, provided the Court with the 2015 National Utilization and Compensation Survey Report, published by the National Association of Legal Assistants. ([23.2]). The report identifies paralegal billing

---

[1] The Commissioner argues that Plaintiff's counsel spent too long preparing Plaintiff's briefs. Counsel spent approximately 20.8 hours on Plaintiff's initial brief and approximately 8 hours on Plaintiff's response to the Commissioner's objections to the Magistrate Judge's Final Report and Recommendation. The Court finds that this expenditure of time is reasonable, including because this case involved an 856-page transcript, Plaintiff's initial brief was 25 pages and included a detailed fact section and several legal arguments, and Plaintiff's response to the Commissioner's objections was 15 pages and reflected considerable legal research and analysis. To the extent the Commissioner also complains that a reduction is required because Plaintiff had four attorneys working on this case, the Court disagrees. There is no indication that the number of lawyers resulted in excessive hours billed, and one of the attorneys spent only 1.3 hours on this case. <u>See</u> <u>Marshall v. Astrue</u>, No. 7:09-cv-33, 2011 WL 2604768, at *2 (M.D. Ga. May 10, 2011) ("The typical attorney work time expended in an EAJA case ranges between twenty (20) and forty (40) hours.").

rates of $128 per hour in Georgia and $111 per hour in New York, where Plaintiff's counsel is located. ([23.2] at 5). Plaintiff's paralegal rate of $75 per hour is reasonable and adequately supported. See Allen v. Colvin, No. 1:15-cv-130-ODE-JSA, at 9 (N.D. Ga. Oct. 18, 2016) (relying on the 2015 National Utilization and Compensation Survey Report to establish the market rate for paralegal work in Georgia, and concluding that, "based upon the $128 per hour market rate for the [paralegal] work that Plaintiff's counsel billed at only $75 per hour, the Court considers Plaintiff's rate not only proven, but entirely reasonable").[2]

### 3. Additional Fees for Plaintiff's Reply Brief

Plaintiff seeks an additional $752.20 for "drafting and reviewing" the reply brief in support of her Motion. ([23] at 15). This amount represents four hours of work. ([23] at 15). Plaintiff did not submit an itemized statement for this request, and some of the arguments in her reply brief lack merit. The brief is fifteen pages, includes substantive legal analysis, apparently took "much longer" than four hours

---

[2] The Court also finds, and the Commissioner does not contest, that the billing rate for Plaintiff's counsel is reasonable and supported. The cost of $19.41 to serve the Complaint likewise is unopposed, and thus is allowed. See Turner v. Colvin, No. 1:12-cv-2680, 2014 WL 279735, at *2 n.4 (N.D. Ga. Jan. 24, 2014) ("The cost of $15.00 to serve the summons and complaint is not contested and thus is allowed.").

6

to produce, and portions of the brief were reasonably necessary in view of the Commissioner's opposition to Plaintiff's Motion. ([23] at 15). The Court, having weighed these considerations, finds that Plaintiff is entitled to an additional $378.60—or two hours of attorney work—for preparation of the reply brief. See Fischer v. Berryhill, No. 1:14-cv-196, 2017 WL 1078446, at *3 (N.D. Fla. Feb. 21, 2017) (allowing recovery for 2.5 hours of attorney's fees for preparing a reply brief where plaintiff provided an "itemization of tasks").

Applying the $296.79 reduction for non-billable clerical work and the $378.60 addition for counsel's work on the reply brief, the Court finds that Plaintiff is entitled to a total award of $7,648.53.

B.  Assignment of EAJA Fees

The EAJA "unambiguously directs the award of attorney's fees to the party who incurred those fees and not to the party's attorney." Reeves v. Astrue, 526 F.3d 732, 735 (11th Cir. 2008). Plaintiff requests that the award of attorney's fees be paid directly to Plaintiff's counsel because, on April 30, 2015, before this case was filed, Plaintiff executed a statement "agree[ing] to waive direct payment of the EAJA fees and assign said fees to be paid directly to [her] attorney." ([21.7]). Under the Anti-Assignment Act, "[a]n assignment may be made only after a claim is allowed, the amount of the claim is decided, and a

7

warrant for payment of the claim has been issued." 31 U.S.C. § 3727(b). The Anti-Assignment Act further provides that "[t]he assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged." Id.

"Plaintiff's assignment does not comply with the statute because it was made before Plaintiff's claim for attorney's fees was allowed and the amount decided, it is not attested to by two witnesses and it has not been certified by an official." Garcia v. Colvin, No. 15-21711, 2017 WL 201837, at *2 (S.D. Fla. Jan. 17, 2017); see Thomas v. Astrue, No. 7:09-cv-52, 2012 WL 2343755, at *5 (M.D. Ga. June 20, 2012) ("Here, the assignment is invalid because it was made before this Order determining the amount of the claim. Accordingly, the EAJA attorney's fees shall be payable directly to Plaintiff."); Young v. Astrue, No. 3:09-cv-132, 2011 WL 1196054, at *4 (M.D. Ga. Feb. 24, 2011) ("An assignment made prior to

the award of attorneys fees necessarily violates [the Anti-Assignment Act].")· The EAJA attorney's fees, awarded by this Order, must be payable directly to Plaintiff.[3]

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [21] is **GRANTED**. Plaintiff is awarded attorney's fees and costs, under the EAJA, in the amount of $7,648.53, subject to any offsetting debt owed by Plaintiff to the United States.

**SO ORDERED** this 31st day of May, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[3] "Although Plaintiff's assignment is invalid, the Commissioner may waive the requirements of the Anti-Assignment Act and recognize the Plaintiff's assignment." Garcia, 2017 WL 201837, at *2. The Commissioner has declined, however, to waive the requirements of the statute "at this time." ([22] at 10). The Court also notes that Plaintiff's "attorney's fee award is subject to an offset to satisfy any pre-existing debt owed to the Government by [the Plaintiff]." Thomas, 2012 WL 2343755, at *5.